UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TERRY ANNETTE LOWRIE                   CIVIL ACTION NO. 15-cv-2080

VERSUS                                 JUDGE FOOTE

WAL-MART LOUISIANA, LLC                MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Terry Lowrie ("Plaintiff") filed suit against Wal-Mart Stores, Inc. ("Wal-Mart") in state court to recover personal injury damages in connection with a slip and fall accident. Wal-Mart removed the case based on diversity jurisdiction.  Before the court is Plaintiff's Motion to Remand (Doc. 8) on the grounds that the amount in controversy does not exceed $75,000.  For the reasons that follow, it is recommended the motion to remand be denied.

**Wal-Mart's Burden**

Defendants, subject to various exceptions,  may remove a case if there is diversity of citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1441(a) & 1332(a).  The general rule is that the sum demanded in good faith in the plaintiff's initial pleading is deemed to be the amount in controversy. 28 U.S.C. § 1446(c)(2).  In Louisiana, however, a plaintiff is prohibited from specifying the amount of her damages in her petition. La. C. C. P. art 893.  Section 1446(c)(2) provides that when state practice does not permit demand for a specific sum, the notice of removal may assert the amount in controversy, and

removal of the action is proper if the court finds by the preponderance of the evidence that the amount in controversy exceeds $75,000.

Those provisions of Section 1446, revised in 2012, are consistent with Fifth Circuit jurisprudence that has allowed a removing defendant to prove by a preponderance of the evidence that the amount in controversy is satisfied.  The defendant may make this showing by: (1) demonstrating that it is "facially apparent" from the petition that the claims are likely above $75,000, or (2) setting forth the facts in controversy—in the notice of removal or an affidavit—that support a finding of the requisite amount.  Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).

**Analysis**

Plaintiff alleged in her state court petition that she was walking along a meat bunker at a Shreveport Wal-Mart when she slipped in liquid and fell.  She was rushed to the emergency room by ambulance.  Plaintiff alleged that she suffered "severe and permanent injuries to the structure, tissues and musculature of her body" including injuries to her "knee, hand, and spine, as well as an aggravation of prior injuries and conditions."  She also alleged that the fall caused her to suffer from "increased depression and anxiety."  Consistent with Louisiana practice, Plaintiff did not ask for a particular amount of damages.

Wal-Mart does not argue that it is facially apparent from the petition that more than $75,000 is in controversy, but there are two aspects of the petition worth noting in this regard.  First, Article 893 prohibits a plaintiff from including in her petition an allegation or prayer for a specific amount of damages, but it expressly allows a plaintiff to state whether

the damages are sufficient to establish the right to a jury trial.  Plaintiff generally prayed for judgment in an amount which would "satisfy the requirement for a trial by jury," which is $50,000 in state court.  La. C. C. P. art 1732(1).   Second, Article 893 allows a plaintiff to pray generally that there is a lack of jurisdiction of federal courts due to insufficiency of damages, but Plaintiff did not do so.  The mere lack of such allegation is insufficient to establish the amount in controversy, but it is entitled to some consideration in the inquiry. Lee v. Dillon, 2012 WL 3263882, *2 (W. D. La. 2012); Lilly v. Big E Drilling Co., 2007 WL 2407254, *2 (W. D. La. 2007).

Wal-Mart attempts to meet its burden by pointing to a pre-petition demand letter sent by counsel for Plaintiff about five weeks before suit was filed.  The letter, written to a claims representative for Wal-Mart and its insurer, stated that it was written to provide a more detailed explanation of a recent $200,000 settlement offer.  Counsel stated that "significant legal research into this matter" indicated that judges and juries "are consistently awarding between $300,000 and $500,000 for the same injuries Ms. Lowery has sustained."  He stated that his $200,000 offer was "reduced to encourage settlement," and if suit were necessary he would "seek the highest level of compensation available for my client."  The letter then itemized the $200,000 into the following components:

> Fall - $20,000
> Back Surgery - $50,000
> Vaginal Bleeding - $30,000
> Physical Therapy - $30,000
> Future Medical - $70,000

Counsel closed the letter by stating that he would be meeting with Plaintiff's neurosurgeon the next week and would give an update as necessary.

The claims representative responded a few weeks later that, pursuant to a conversation with Plaintiff's counsel the day before, Wal-Mart declined Plaintiff's settlement demand. The representative added: "Based upon the medical records and documentation we currently have in our files, CMI is extending this offer to resolve this claim in the amount of $20,000 ... inclusive of all damages and medical specials."  Plaintiff filed her suit about a week later.

The Fifth Circuit has not specifically addressed how to weigh pre-suit settlement demands, but district courts throughout Louisiana have often acknowledged that such pre-suit offers or demands are "valuable evidence" in determining the amount in controversy.  See, e.g., McGlynn v. Huston, 693 F.Supp. 2d 585, 595 n.8 (M. D. La. 2010); Johnson v. Macy's Department Store, 2014 WL 5822788, *5 (M. D. La. 2014); Creppel v. Fred's Stores of Tennessee, Inc., 2013 WL 3490927 (E. D. La. 2013);  Wheeler v. Farmers Ins. Exchange, 2013 WL 4432097, *3 (W. D. La. 2013); and Lafayette City-Parish Consol. Government v. Chain Elec. Co., 2011 WL 4499589, *6 (W. D. La. 2011).

Plaintiff's demand letter indicated that she had undergone or would undergo back surgery and would require physical therapy and future medical care.  The mere fact of back surgery allegedly being required by the accident is strong evidence that the amount in controversy is satisfied.  When this is combined with Plaintiff's assertion that the $200,000 offer is a reduction from the amount ordinarily awarded for such injuries, the demand letter

is easily sufficient to satisfy Wal-Mart's burden of showing by a mere preponderance of the evidence that the amount in controversy exceeds $75,000.

Plaintiff does not argue that her settlement demand was inflated or was not an honest assessment of her damages.  Rather, her argument is that Wal-Mart's counter-offer of $20,000, shortly before suit was filed, actually "represents the best estimate of the amount in controversy at the time of removal."  Plaintiff cites in support Creppel, but that case held that a plaintiff's pre-petition settlement demand letter for $80,000 was sufficient, given the detailed information in the letter, to satisfy the removing defendant's burden.  It did not address the effect of any counter-offer.

The undersigned acknowledges the counter-offer but does not find it to be of such significance as to outweigh Plaintiff's own assessment of her damages, made just a few weeks earlier, to be as much as a half-million dollars.  The counter-offer letter does not provide any particular facts regarding the injuries, medical care, or damages that would cast serious doubt on the value of the case, and the amount in controversy is generally assessed from the viewpoint of the plaintiff.  Garcia v. Koch Oil Company of Texas, Inc., 351 F.3d 636, 639-40 and n.4 (5th Cir. 2003) (applying plaintiff-viewpoint rule in action for declaratory relief); Barker's Pharmacy v. Prime Therapeutics, 2015 WL 1922532, *3-4 (M. D. La. 2015) (applying plaintiff-viewpoint rule in case that sought declaratory and monetary relief).  Finally, Plaintiff does not cite any authority that would compel the court to base the amount at issue on the rather conclusory defense counter-offer rather than the Plaintiff's own

assessment that was based on the medical records and expenses and her counsel's assessment of awards in similar cases.

**Conclusion**

Wal-Mart has met its burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000.  The burden was met through Plaintiff's own demand for what was said to be a substantially discounted $200,000 to compensate her for injuries that included a requirement of back surgery followed by physical therapy and future medical care.  Plaintiff has not pointed to evidence sufficient to undermine that showing or, as permitted by De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995), that makes it a legal certainty that she cannot recover more than $75,000.  Plaintiff's motion to remand should be denied.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's **Motion to Remand (Doc. 8)** be **denied**.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of December, 2015.

Mark L. Hornsby
U.S. Magistrate Judge